UNITED STATES of America

v.

Armando NARANJO.

No. 87–0135–Cr.

United States District Court,
S.D. Florida,
Miami Division.

June 16, 1987.

John Bergendahl, Federal Public Defender, Miami, Fla., for plaintiff.

David Gelber, Asst. U.S. Atty., Miami, Fla., for defendant.

### ORDER ON 404(b) EVIDENCE [1]

SCOTT, District Judge.

Armando Naranjo is on trial charged with conspiracy to distribute cocaine. 21

---

1. Federal Rule of Evidence 404(b) states:
   (b) Other crimes, wrongs or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible

U.S.C. §§ 841(a)(1) and 846. The Government seeks to introduce evidence relating to the Defendant's prior cocaine trafficking culminating in a plea of guilty in *United States v. Naranjo*, 80–461–CR–KING.[2] The Government argues that the evidence is admissible to show plan, motive and intent citing *United States v. Beechum*, 582 F.2d 898 (5th Cir.1978) *(en banc)*, *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).[3] The Defendant strenuously opposes introduction of this evidence arguing that its probative value is outweighed by its prejudicial effect. Fed. R.Evid. 403.[4]

The Court need not reach the issue of admissibility to show plan or intent as argued by the Government, because the opening statement by the Defendant presents a wholly independent basis for admissibility of the prior cocaine dealing. During the opening statement, each party vigorously outlined their contentions. The Defendant, in particular, threw down the gauntlet—flatly denying commission of the crimes and stating that the Defendant "... is not a drug dealer."

In *United States v. McKeon*, 738 F.2d 26 (2nd Cir.1984), the Second Circuit recently had the opportunity to consider the effect of an opening statement on the issues in the case. While much of the discussion in *McKeon* is not germane to the present case,[5] the Circuit Court makes clear that a position or assertion taken in an opening statement can be binding upon that party. "We begin with the general proposition that '[s]tatements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney.'" *United States v.*

*McKeon, supra*, at 30 quoting from *United States v. Margiotta*, 662 F.2d 131, 141 (2d Cir.1981), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). *See, also, Oscanyan v. Arms Co.*, 103 U.S. (13 Otto) 261, 26 L.Ed. 539 (1880); and *Collins v. Texas Company*, 267 F.2d 257, 258 (5th Cir.1959). The *McKeon* Court concluded that "[t]he general admissibility of an attorney's statement as well as the binding effect of an opening statement within the four corners of a single trial, are thus well established." *Id.* at 30.

In the present case, the Defendant denied, without equivocation, that he was a drug dealer. This statement, in the context presented, went well beyond a mere challenge by Naranjo to prove the present case, but constituted an assertion by the Defendant that he was never involved in narcotics. While such a statement has a tactical advantage and fits into the defense of this case, it also entails a price. Here, the price is the admission of the prior narcotic dealing to rebut this assertion and eliminates the impression left with the jury that Naranjo was not a drug dealer. Accordingly, the Motion in Limine is denied and the evidence will be admitted.

---

for other purposes such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident.

2. The Defendant was on parole at the time of the alleged offenses in this case.

3. The Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981).

4. In *United States v. Mill*, 704 F.2d. 1553 (11th Cir.1983) the Eleventh Circuit observed "relevant evidence is inherently prejudicial, but it is only *unfair* prejudice *substantially* outweighing probative value which permits exclusion of relevant evident." *Id.*at 1560 (emphasis is original).

5. The central issue was whether statements made by a Defendant's attorney in a second trial could be used in the third trial. Here, the issue involves a statement made in the same trial.